The IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACIELA SERNA MCKAY, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:06-CV-2325-O |
| DALLAS INDEPENDENT SCHOOL DISTRICT; et al., | § § § § | |
| Defendants, | § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss, and Brief in Support ("the Motion") (Doc. 115), and the Defendants' Response and Brief in Support to Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss (Doc. 127), and the Plaintiff's Reply (Doc. 144).

For reasons discussed below, the Motion to Reconsider is **denied.** The Plaintiff's sought alternative relief of leave to amend their complaint is **denied** for the reasons also discussed below.

The Motion requests that this Court reverse orders announced on September 6, 2007, that dismissed her conspiracy claims under 42 U.S.C. § 1985(3) and the First Amendment retaliation claim against Defendant Hinojosa in his individual capacity that she stated under 42 U.S.C. § 1983.

**1. Background**

The present action is closely related to *Santamaria v. DISD, et al.,* resolved earlier by trial before the Honorable Sam Lindsay. *See,* Dkt No 3:06-CV-692-L. In that case, Judge Lindsay presided over a full period of disclosure and several days of trial, whereupon he ruled that former Preston Hollow Elementary School ("PHES") principal Teresa Parker had engaged unlawfully in the practice of segregation by race within her school. *Id.* Judgment issued on November 17, 2006. *Id.*

The instant case was filed on December 15, 2006, by Graciela McKay, a former PHES teacher and community liaison who has asserted a number of claims rising from the same circumstances. Doc. 1. Summarily, Ms. McKay's claims center around her allegation of actively opposing Parker's practice of segregation and allegations of actions against her she says resulted. *See, id.* Judge Lindsay presided over the case from the time it was filed until it was reassigned to this Court on December 4, 2007. The case named the Dallas Independent School District ("DISD"), the DISD Board of Trustees, DISD Superintendent Michael Hinojosa, and Teresa Parker as defendants.[1]

Defendants filed an Amended Motion to Dismiss[2] on March 12, 2007. On September 6, 2007, a number of Plaintiff's claims were dismissed. Doc 31. Presumably pursuant to Rule 54(b), Judge Lindsay did not direct the clerk to make entry of final judgment as there was no finding

---

[1] Hereinafter, the term "Defendants" refers to each of these unless specified otherwise.
[2] Amended Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 8(a)(2) or, in the Alternative, Motion for More Definitive Statement Pursuant to Rule 12(e).

negating any just cause for delay. *See, id.* Instead, the Court's orders remained open for timely motions to reconsider, or further action of the parties.

Of those actions dismissed, the Motion now asks the Court to reconsider "(1) the §1985 (Conspiracy to Violate Civil Rights) claim, and (2) the §1983 claim against Michael Hinojosa in his personal capacity…." (Doc. 115). Alternatively, the Motion seeks leave to amend her Complaint, which was already amended on April 9, 2007 (Doc. 20), after the Defendants had filed their motion to dismiss the previous month that resulted in the orders of which protest is now made.

**2. Issues & Legal Standards**

Motions to reconsider have no express statutory foundation but are permitted in the Fifth Circuit. *Bass v. U.S. Dep't of Agric.,* 211 F.3d 959, 962 (5th Cir.2000); *Pryor v. United States Postal Serv., 769 F.2d 281, 285 (5th Cir.1985).* A motion for reconsideration is analyzed as a motion to alter or amend judgment under Rule 59(e) if it is served within ten days of the disputed ruling. *Lavespere v. Niagra Machine & Tools Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).* A motion for reconsideration is analyzed as a motion for relief from judgment under Rule 60(b) if filed over ten days after the disputed ruling. *Id. See also Dial One of the Mid-South, Inc. v. Bellsouth Telecomms., Inc.,* 401 F.3d 603, 606 (5th Cir.2005).

Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

the judgment is void; (5) the judgment has been satisfied, released or discharged;
it is based on an earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Rule 60 requires that "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Id. (emphasis added).

A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Rule 60(b) applies more exacting substantive requirements to motions for reconsideration than Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990); *James v. Miller,* Civ. A. 05-118, 2008 U.S. Dist. LEXIS 37833, 2008 WL 2011844, at *1 (E.D. La. May 8, 2008). Indeed, the instances in which Rule 60(b) relief is appropriate are relatively "unique." *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 287 (5th Cir.1985) (quoting *Wilson v. Atwood Group,* 725 F.2d 255, 257, 258 (5th Cir.1984)).

Reconsideration is an extraordinary equitable power that should only be exercised when a specific basis for the remedy is met, and when upsetting a past order is essential to prevent injustice. *Carter v. Fenner,* 136 F.3d 1000, 1007 (5th Cir.1998), cert. denied, 525 U.S. 1041, 119 S.Ct. 591, 142 L.Ed.2d 534. Accordingly, courts act with "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Bass v. U.S. Dep't of Agric.,* 211 F.3d 959, 962 (5th Cir.2000; *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir.1995). This Court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* The *Fenner* court cited with approval a sister circuit's

admonition that "the provisions of Rule 60(b) must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Carter v Fenner*, 136 F.3d 1000 at 1007 (quoting *Griffin v. Swim-Tech Corporation,* 722 F.2d 677, 680 (11th Cir.1984).

**3. Analysis**

The instant Motion was filed well after ten days from the date of judgments rendered and will be examined under Rule 60(b). The Court must balance the importance of finality of judgment against other interests of justice as detailed above. This Motion's timing itself places such weight on the side of finality it emphasizes the need for a particularly substantial showing of manifest injustice under a specific basis for this extraordinary remedy. *See, Carter v Fenner*, 136 F.3d 1000, 1007.

The Motion was filed just under five hundred days after the judgments it seeks to have reconsidered. It was filed roughly a month after summary judgment motions were due under the scheduling order and forty-five days before trial is set in this matter.

The Motion essentially expresses disagreement with the Court's decision. No arguments or new matters are presented compelling any sense of manifest injustice arising from a mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, an opponent's misrepresentation or misconduct, a judgment void, satisfied, release, discharged, based on an earlier judgment that has been reversed or vacated or the application of which is prospectively inequitable. *See,* Fed. R. Civ. P. 60(b). The Court must then consider whether any other reason justifies relief. *Id.*

No argument made in the Motion is so compelling as to outweigh the chaos that could result from erasing the finality of the judgments made well over one year ago in litigation on the brink of trial. Significantly, every one of the Plaintiff's arguments could have made in a timely manner, under Rule 59(e). Certainly they could have been made well before expiration of the closure of discovery and the deadline for dispositive motions. In the intervening period, parties have reached accommodation or otherwise exited the litigation, *see, e.g.,* Docs. 41, 42, and substantial time has been spent in attempted mediation, *see,* Docs. 37, 72, 74, 96, 97.

The arguments for reconsideration themselves are disagreements with the Court's ruling that amount to little more than a sort of surreply to the decisions declared in September, 2007. Alternatively, the Plaintiff now seeks leave to amend that could have been sought in a timely manner thanks to Judge Lindsay's prudence in delaying entry of an order of judgment directed to the clerk (as her own pleading implicitly acknowledges through extensive reference to Rule 54(b)). The only fact that appears changed is the judge now presiding, and an otherwise unwarranted reversal of the decisions made in the course of this litigation despite the high standards of Rule 60(b) would offer an extremely imprudent exercise of discretion

**4. Conclusion**

The Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss is **DENIED**. The plea contained therein for alternative relief in the form of leave to file a second amended complaint is **DENIED**.

So **ORDERED** this 23rd day of February, 2009.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**