IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACIELA SERNA MCKAY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:06-CV-2325-O |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT; et al., | § | |
| | § | |
| Defendants, | § | |

**MEMORANDUM ORDER**

Before the Court is the Plaintiff's Motion for Leave to File Late Appendix and Cure (the "Motion") (Doc. 150) filed on February 19, 2009, essentially asking the Court to review the referenced appendix evidence as part of the record for summary judgment purposes despite the fact it was filed one day late. This Motion further asks that Plaintiff be allowed to cure certain deficiencies of form that render the evidence incompetent for consideration. The Motion was filed in response to a motion filed by Defendants opposing its consideration on several grounds.

Defendants' raise two bodies of objection to Plaintiffs' evidence. First, they raise a general objection that the Plaintiff's Appendix of Evidence (Doc. 113) filed one day after its deadline. In the second body of objections, the Defendants contest the competence as summary judgment evidence of particular items in that appendix. Plaintiff responded on the 19th of February, 2009, with a pleading (Doc. 150) asking for leave to file untimely, noting Defendants' extensions

that were freely agreed to by the Plaintiff in the course of litigation (including the summary judgment stage). *See, e.g.,* Doc. 75, 110. The same pleading by Plaintiff asks for leave to cure defects of form in their summary judgment evidence. Doc. 150. Appended to Document 150 is a signature page to compensate for the unsigned Declaration of Graciela McKay contained in Plaintiff's Appendix of Evidence. *See,* Doc. 150-3. Other needs of authentication, they concede remain.

The body of specific objections pertaining to particular items in Plaintiff's evidence and may be grouped into three sets: (1) hearsay; (2) lack of personal knowledge; and, (3) other allegations of incompetence, such as statements said to be conclusory.

Plaintiff acknowledges that a lack of proper authentication plagues the filing and requested leave to cure. *Id.* This forms a major basis of objection for the Defendants as to particular articles of evidence. The Fifth Circuit has held that unsworn evidence is incompetent to raise a fact issue precluding summary judgment. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). A statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct." *Id.*; 28 U.S.C. § 1746. In this instance, however, neither method has been applied.

The Court finds it a proper and resourceful exercise of its discretion to deem the Plaintiff's motion for leave to file her appendix of evidence **GRANTED**; the Court **GRANTS** her request to supply her signature to her Declaration (*see* Doc. 150-3); and further **GRANTS** her

leave to cure defects of authentication in their appendix of evidence, provided the curative paperwork is filed of record with this Court no later than **5 p.m., Thursday, February 26, 2009.**

The Court will reserve a final ruling on Defendants' specific exceptions until that time.

As a cautionary note, and to insure the record is clear, the Court **DENIES** leave that appears requested by Plaintiff in her Motion for Leave to File Late Appendix and Cure for consideration of her summary judgment evidence without proper authentication. No law has been cited, nor none found, that allow the Court to consider evidence on summary judgment if that evidence is not in proper form under Rule 56 or 28 U.S.C. § 1746.

The Court **DENIES** any leave to amend the substance of the statements and evidence submitted in the Plaintiff's Appendix of Evidence (Doc. 113) or add anything to the record other than what is necessary to provide authentication proper under Rule 56 or 28 U.S.C.§ 1746.

Accordingly, it is:

**ORDERED** that **Document 150** (Motion for Leave to File Late Appendix and Cure) is **GRANTED**; *it is further*

**ORDERED** that **Document 150-3 be filed of record and be deemed an authenticating signature to the Declaration of Graciela McKay in her Appendix of Evidence**; *it is further*

**ORDERED** that **Document 113** (Plaintiff's Appendix in Support with attachments) is **FILED OF RECORD**; *it is further*

**ORDERED** that Plaintiff has until 5:00 p.m., Thursday, February 26, 2009, to file any desired means of authentication for the various items of evidence offered in Document 113.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**