IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACIELA SERNA MCKAY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:06-CV-2325-O |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, et al., | § | |
| | § | |
| Defendants, | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion For Summary Judgment filed by Michael Hinojosa ("Hinojosa") on December 8, 2008 (Doc. # 85); Plaintiff's Response to Motion For Summary Judgment filed by Graciela McKay on January 12, 2009 (Doc. # 112); and Defendant's Reply to Response to Motion For Summary Judgment filed by Hinojosa on January 30, 2009 (Doc. # 123).

Having reviewed the relevant filings, the evidence, and the applicable law, the Court finds that Defendant Michael Hinojosa's Motion for Summary Judgment should be and is hereby **GRANTED**.

I. **Background**

The present action is related to *Santamaria v. DISD, et al.*, resolved earlier by trial before the Honorable Judge Sam Lindsay. *See* Doc. # 231 (3:06-CV-692-L) (N.D. Tex. Sept. 30, 2007). In *Santamaria*, Judge Lindsay ruled that former Preston Hollow Elementary School ("PHES")

1

principal Teresa Parker ("Parker") engaged unlawfully in the practice of segregation by race within her school for a period of several years. *Id.* Specifically, the court found that Parker deliberately assigned Latino and African-American students to English-as-a-second-language ("ESL") classrooms instead of general education classes so that white students could be kept together in the same class. In addition, the court found that Parker kept ESL classes in a different part of the PHES building than general education classes. Furthermore, the court found that Parker attempted to conceal this behavior, including shuffling children around to make the classes appear integrated when an investigator visited PHES. The court found these actions violated PHES students' constitutional rights. *Id.*[1]

Graciela McKay filed the instant case on December 15, 2006. Plaintiff McKay ("Plaintiff") is a former PHES teacher and community liaison. *See* Doc. # 20 (Plaintiff's Amended Complaint). Plaintiff alleges that, while at PHES, she opposed Parker's practices of segregation, and that she suffered adverse employment actions because of this. *See id.* Plaintiff brings claims against Parker, the Dallas Independent School District ("DISD"), the DISD Board of Trustees, and DISD Superintendent Michael Hinojosa arising out of these allegations including claims for retaliation for opposing segregation, in violation of Title VI; retaliation for public advocacy, in violation of the First Amendment, and for failure to provide Plaintiff with a hearing in violation of her Fourteenth Amendment due process rights.[2] Plaintiff asks for damages and attorney's fees, as well as declaratory judgment and injunctive relief.

---

[1] This finding was against Parker in her personal capacity. DISD and Hinojosa were found not liable for the segregation at PHES.
[2] Hereinafter, the term "Defendants" refers to each of these unless specified otherwise.

On December 8, 2008, Defendant Hinojosa filed his Motion for Summary Judgment on all of Plaintiff's claims pending against him. These claims are Plaintiff's claim that her due process rights have been violated and claim for a declaration that Hinojosa's past practices violated laws including Title VI and 42 U.S.C. 1983.[3] The Court now considers Hinojosa's motion for summary judgment.

## II.  Summary Judgment Standard

"A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. CIV. P. 56(b). Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp.,* 477 U.S at 323. While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the

---

[3] The only claims pending against Hinojosa are against him in his individual capacity.

3

non-movant's summary judgment burden. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

The party that moves for summary judgment bears the initial burden of showing that there is an absence of genuine issue of material fact. *Celotex Corp.,* 477 U.S. at 323. Rule 56(b) permits the movant to demonstrate this "with or without supporting affidavits." FED. R. CIV. P. 56(b). Indeed, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325 (finding no express or implied requirement in *Rule 56* that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 323-24. The Court must "resolve doubts in favor of the non-moving party and make all reasonable inferences in favor of that party." *Dean v. City of Shreveport,* 438 F.3d 448, 454 (5th Cir. 2006); *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir. 1988). However, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

The Plaintiff achieves this only by identifying "specific evidence in the record and … articulat[ing] the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn.*

4

*Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "[U]nsubstantiated assertions are not competent summary judgment evidence." *Celotex*, 477 U.S. at 324.

**III.     Analysis**

Defendant Hinojosa has moved for summary judgment with respect to Plaintiff's remaining claim that Hinojosa violated her due process rights, as well as Plaintiff's claim for a declaration that Hinojosa's past practices violated laws including Title VI and 42 U.S.C. § 1983. The Court first addresses summary judgment with respect to Plaintiff's due process claim, which is brought pursuant to 42 U.S.C. § 1983.

A. Procedural Due Process

Plaintiff alleges that she was deprived of her constitutional due process rights in violation of 42 U.S.C. §1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) she has been deprived of a right "secured by the Constitution and the laws of the United States" and (2) that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). Thus, a threshold inquiry in a § 1983 cause of action is whether plaintiff has alleged a violation of a constitutional right or of federal law. *Neal v. Brim,* 506 F.2d 6, 9 (5th Cir. 1975). As against Defendant Hinojosa, her surviving claim alleges the deprivation of the right to procedural due process afforded by the Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment provides that no "State [may] deprive any person of life, liberty, or property without due process of law." To invoke Fourteenth Amendment protections, a plaintiff must show deprivation of a property, life, or liberty interest. *Wells v. Hico Indep. Sch. Dist.,* 736 F.2d 243, 251 (5th Cir. 1984), *cert. dismissed*, 473 U.S. 901 (1985).

The Court has earlier found that Plaintiff did not have a property interest in employment by DISD. *See* Doc. # 31. However, "[t]he liberty interest protected by the due process clause encompasses an individual's freedom to work and earn a living." *Wells v. Doland*, 711 F.2d 670, 676 (5th Cir. 1983). Thus, even without a constitutionally protected *property* interest, a plaintiff may still have a constitutionally protected *liberty* interest.

An employee must show that she was terminated without notice and an opportunity to be heard for reasons that were false, stigmatizing, and published, in order to state a claim for deprivation of a liberty interest. *Huffstutler v. Bergland*, 607 F.2d 1090, 1092 (5th Cir. 1979). Specifically, she must show: (1) she was discharged; (2) stigmatizing charges were made against her in connection with the discharge; (3) the charges were false; (4) the charges were made public; (5) she was not provided notice or an opportunity to clear her name; (6) she requested a hearing to clear her name; and (7) the employer denied the request. *See Bledsoe v. City of Horn Lake,* 449 F.3d 650, 653 (5th Cir. 2006); *Hughes v. City of Garland,* 204 F.3d 223, 226-227 (5th Cir. 2000). A hearing need not be held; it is sufficient to offer the claimant the hearing. *See Perez v. Hous. Auth. of Uvalde,* 95 F. App'x 51, 56 (5th Cir. 2004).

"Notice and an opportunity to respond" are the "essential requirements of due process" under the Fourteenth Amendment. *Loudermill,* 470 U.S. 532 (1985). An employer offers proce-

dural due process when it provides an employee with notice of the termination charges and an opportunity to tell her side of the story. *Rosenstein v. City of Dallas, Tex.*, 876 F.2d 392, 395 (5th Cir. 1989). The hearing must meet the requirements of due process under the Fourteenth Amendment. It is not necessary that the hearing perfect the procedures set out for hearing by the allegedly offending agency. All that is required is that the hearing procedures meet the "constitutional minima" of due process. *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 335 (5th Cir. 1986).

Fourteenth Amendment concerns for due process focus on the nature of the proceeding, not its trappings. For example, *Rosenstein* illustrates that it does not matter if the provision of due process is formally announced as a "name clearing hearing" or is a hearing which occurs in the course of appeals from discipline or admonishments. *See Rosenstein,* 876 F.2d at 395.

Although Defendant Hinojosa is the Superintendent of DISD, he remains in this case solely in his individual capacity. Thus, Plaintiff bears the burden at trial of proving that Defendant Hinojosa violated her procedural due process rights by being *personally* responsible for discharging her while *he* made false and stigmatizing charges in public against her in connection with the discharge and then *personally* refused to provide her with notice or an opportunity to be heard after she asked *him* for a hearing to clear her name. The Plaintiff survives a motion for summary judgment by Defendant Hinojosa only if she has directed the Court to sufficient evidence creating genuine issues of material fact on every element. She must "identify specific evidence in the record, and . . . articulate" precisely how that evidence supports her claims. *Forsyth v. Barr,* 19 F.3d 1527, 1536 (5th Cir. 1999). Courts are not required "to sift through the record in

7

search of evidence to support" a party's motion for, or opposition to, summary judgment, *Skotak v. Tenneco Resins, Inc.,* 953 F.2d at 915, n.7 (5th Cir. 1992).

Having reviewed the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to identify evidence raising a fact issue supporting any element of her claim as it pertains to this Defendant. The undisputed evidence shows that Plaintiff requested a hearing. However, Plaintiff did not ask Hinojosa for a hearing, instead asking other DISD officials for this relief, including those DISD officials tasked with providing hearings in situations such as the one presented here. *See* P. App. 138-143. She did send a letter to Hinojosa requesting an "investigation" into the segregation at PHES. P. App. 144. The evidence shows that Plaintiff sent the same request to a senator (P. App. 145), a congressman (P. App. 146), and to the Texas Education Agency ("TEA") (P. App. 147) (the duplicate letters, P. App. 144-147, are hereinafter referred to collectively as "The Investigation Request Letter"). Defendant Hinojosa has acknowledged receiving it and ordering an investigation by his staff. Def. App. 020-027.

The Court finds that this evidence fails to raise a genuine issue of fact as to whether Hinojosa violated Plaintiff's due process rights. Plaintiff cannot establish a procedural due process violation by Defendant Hinojosa in his personal capacity without producing evidence that she requested a hearing from him, and she has failed to meet this burden. While Plaintiff argues in her Response to the Defendant's Motion for Summary Judgment that she "requested and was not granted a hearing before her termination," Plaintiff has not pointed the Court to any evidence demonstrating this.[4] (Doc. 112). The Court notes that the letter Plaintiff sent to Hinojosa re-

---

[4] While a property interest in employment may require a due process hearing *before* termination, a hear-

8

quested an investigation into segregation at PHES, and did not request that Hinojosa provide Plaintiff a hearing. *See* P. App. 144. This request was sent verbatim to other various political figures (*see* P. App. 145-147) that were not in a position to provide Plaintiff with a hearing regarding any adverse employment action. In addition, Hinojosa avers that Plaintiff never requested a hearing from him, and that he was not aware Plaintiff ever requested a hearing from DISD to clear her name. Def. App. 002, ¶ 12 (Hinojosa's Declaration).

While jurors might disagree as to whether prudent management would have required Defendant Hinojosa to investigate the PHES segregative practices in some manner other than he did, no juror could reasonably find on the basis of this evidence that he should have somehow inferred that she was requesting a name clearing hearing from him.

In addition, even had Plaintiff requested a hearing from Hinojosa, the undisputed evidence shows that Plaintiff was provided a hearing. The record shows that Plaintiff had at least one hearing pursuant to DISD grievance procedures. *See, e.g.,* Def. App. 090-92, 514-17. In addition, the undisputed evidence shows that DISD and Plaintiff contemplated holding a subsequent hearing pursuant to DISD grievance procedures, but that Plaintiff abandoned the grievance process by a letter from counsel stating:

> Thank you for your interest in proceeding with the Level III hearing; however, Ms. McKay is inclined not to proceed with the grievance procedure. It would likely be futile, delay litigation, and cause added expense.

Def. App. 091; *see also*, Def. App. 517 (Plaintiff confirms in deposition testimony that she opted out of the grievance process). Plaintiff's intent to discontinue the hearing process is further evi-

---

ing for the purpose of clearing one's name implicates a liberty interest and may be held after termination. *See, e.g., Rosenstein v. City of Dallas,* 876 F.2d, 392, 396 (5th Cir. 1989).

denced by her lack of response to a follow-up letter from counsel DISD confirming Plaintiff's abandonment of the Level 3 hearing, Def. App. 096, and McKay's Declaration, which states that she chose to pursue legal remedies rather than be a part of a "kangaroo court." Def. App. 096; P. App. 445. [5]

Based on the undisputed evidence, the Court finds that even if McKay had met the threshold requirement of requesting a hearing from this Defendant, she has presented no evidence that she was denied this request. Furthermore, the Court finds that Plaintiff has presented no evidence that he made false and stigmatizing public statements about her. *See generally* P. Appx.; *see also* Def. App. 002 (Hinojosa's Declaration, stating that Plaintiff did not request a hearing, and that Hinojosa never made any public statements regarding the non-renewal of Plaintiff's probationary contract with DISD).

Accordingly, Defendant's Motion For Summary Judgment on Plaintiff's due process claim should be and is hereby **GRANTED**.

B. Declaratory Judgment

Having resolved Hinojosa's motion with respect to Plaintiff's due process claim, the Court now addresses Plaintiff's claim for a declaration that Hinojosa's past practices violated laws including 42 U.S.C. § 1983 and an injunction. The Court notes that violations of Title VI may be remedied in lawsuits against those entities that receive federal funds and therefore to the extent Plaintiff's complaint can be seen as stating a claim against Hinojosa under Title VI, the

---

[5] The Court notes that though Plaintiff insinuates the hearing provided by DISD, in substance, failed to satisfy requirements of the Fourteenth Amendment, Plaintiff has produced no evidence raising a genuine issue of material fact suggesting that the hearing provided by DISD failed to meet due process standards.

Court finds he is not a proper defendant. *See Santamaria v. Dallas Indep. Sch. Dist.,* No. 3:07-CV-692-L, 2006 U.S. Dist. LEXIS 83417, at *159 (N.D. Tex. 2006); *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293,1298 (S.D. Tex 1996); *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 95 F.Supp.2d 723, 741-42 (N.D. Ohio 2000*); Schuler v. Bd. of Educ.,* 2000 WL 134346, at *10 (E.D.N.Y. Feb. 1, 2000); *Farmer v. Ramsay*, 41 F.Supp.2d 587, 592 (D. Md.1999); *Lyons v. City of Philadelphia*, 1998 WL 767451, at *3 (E.D.Pa. Nov. 4, 1998); *Torrespico v. Columbia Coll.*, 1998 WL 703450, at *16 (N.D. III. 1998 Sept. 30, 1998); *A.D.E. Food Servs. Corp. v. City of Philadelphia*, 1996 WL 590906 at *4 (E.D.Pa. Oct. 11, 1996); *Wright v. Butts,* 953 F.Supp. 1343, 1350 (M.D.Ala. 1996); *Bustos v. Illinois Inst. of Cosmetology*, 1994 WL 710830, at *2 (N.D. III. 1994 Dec. 15, 1994); *Robinson v. English Dep't of Univ.*, 1988 WL 120738, at *6 (E.D.Pa. Nov. 8, 1988). Plaintiffs have pointed the Court to no cases, and the Court has found none, holding that an individual may be sued under Title VI.

The Court has found that summary judgment in Hinojosa's favor is appropriate with respect to Plaintiff's due process claim against him under 42 U.S.C. § 1983. Having dismissed all of Plaintiff's claims against Hinojosa, the Court finds that there is no genuine issue of material fact that Plaintiff is not entitled to declaratory or injunctive relief from with respect to Hinojosa.

The Court has not been directed to any authority, nor does it find any, by which it might impose injunctive or other penalties on an individual on the prospect that he might fail to obey the law when that individual has not yet been shown to disobey it. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's declaratory judgment claim should be and is hereby **GRANTED**.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Hinojosa's Motion for Summary Judgment. All of Plaintiffs claims against Defendant Hinojosa are hereby **DISMISSED** with **PREJUDICE.**

Signed this 3rd day of **March , 2009**.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**